IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CM-60019-WEB |
| | ) | |
| JAMES D. HIGNITE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Now before the court is the defendant, James D. Hignite, for a supervised release violation hearing. The defendant was sentenced to a 24 month term of imprisonment, and a three year term of supervised release. The defendant began serving his term of supervised release on March 13, 2009. The violation report alleges the defendant violated six conditions of supervised release. The defendant admitted four of the violations. The Government presented evidence on the remaining two violations. After hearing arguments of counsel, the court found the defendant violated six conditions of the terms of his supervised release. This Order supplements the court's oral ruling.

The defendant denies the allegations that he unlawfully possessed a controlled substance, and that he used a controlled substance. The defendant argues that the chain of custody between the probation office and the lab in New Mexico was broken, that the Government cannot show the level of illegal drugs met the scientific level, and there is no evidence the standards set by the lab meet the industry standard. The Government argues there is not a break in the chain of custody, and if there was, it would only go to the weight of the evidence, not the admissibility. The Government also argues they only have to show there was a controlled substance in the

1

defendant's system, not the level of the controlled substance.

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

The defendant argues the chain of custody was broken between the time the urine sample was taken from the defendant, and when it was tested in New Mexico. The Government argues that the New Mexico lab tested the sample, and did not question the chain of custody, showing the sample was still sealed when it was received. The Government also correctly argues that if there is a break in the chain of custody, it only goes to the weight of evidence, not the admissibility. Any "deficiencies in the chain of custody go the weight of the evidence, not its admissibility." U.S. v. Cardenas, 864 F.3d 1528, 1531 (10th Cir. 1989). The United States Probation Officer testified that a urine sample was retrieved once from the defendant. She was not personally present, but a male probation officer was present. The sample was sealed, and sent to New Mexico for testing. The results of the test were positive for amphetamine. The probation officer did not have in her possession the chain of custody receipt for the defendant's sample. However, the lab did not question the chain of custody, and completed the testing on the sample. The testimony regarding the results of the testing completed in New Mexico will be admitted.

The defendant argues the Government cannot show the level of illegal drugs met the scientific standard. The Government argues they only have to show there were controlled substances in the defendant's system, not the level of the controlled substance. The results of the

urine testing show the defendant tested positive for amphetamine.  As a condition of his supervised release, the defendant was not allowed to use or possess a controlled substance.  A positive drug test for illegal substances, at any level, shows the defendant violated the terms and conditions of his supervised release.  The Tenth Circuit has determined that a controlled substance in a person's body is in the possession of that person for purposes of 18 U.S.C. § 3583(g).  U.S. v. Rockwell, 984 F.2d 1112, 1115 (10th Cir. 1993).  The court finds the defendant was in possession of a controlled substance when he tested positive.

      The defendant argues there is no evidence the standards of the laboratory testing met the industry standard.  18 U.S.C. § 3583(d) governs the drug testing of persons under supervised release.  The relevant language reads: "The results of a drug test... shall be subject to confirmation only if the results are positive, the defendant is subject to possible imprisonment for such failure, and either the defendant denies the accuracy of such test or there is some other reason to question the results of the test.  A drug test confirmation shall be a urine test confirmed using gas chromatography / mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy."  18 U.S.C. § 3583(d).   The defendant's sample tested positive for amphetamines at the New Mexico laboratory.  Kroll Laboratory confirmed the sample was positive for amphetamine, and specifically methamphetamine.  Nothing in the language of section 3583 precludes the court from considering a positive drug test, regardless of the level of controlled substance in the sample.  The probation officer testified that the United States Probation Office contracts with both of the laboratories for drug testing.  The probation officer also testified that the results of the urine test

were confirmed by Kroll Laboratories.  This testimony shows the probation office was complying with section 3583.

      IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant has violated the terms of his supervised release, and the court revokes his supervised release.  The Probation Officer in charge of this case shall see that a copy of this order is made available to the Bureau of Prisons.

      SO ORDERED this 27th day of May, 2009.

                                                      s/ Wesley E. Brown
                                                    Wesley E. Brown, Senior U.S. District Judge